■ WALTER J. McGOWAN, as Executor of JOHN J. McGOWAN, Deceased, Appellant, v. EDWARD J. CONNELLY, Respondent.— In an action by the executor of a deceased partner to compel the surviving partner to account and for a sale of the partnership assets, the payment of partnership liabilities, and the distribution of the surplus to the parties according to their respective interests, the surviving partner interposed a counterclaim to compel the executor to perform specifically the partnership agreement and for the dissolution of the partnership. The executor appeals (1) from an order denying his motion for summary judgment and granting the surviving partner's cross motion for summary judgment for the relief prayed for in the counterclaim, (2) from the interlocutory judgment entered thereon, and (3) from the decision. Order and judgment affirmed, without costs. No opinion. Appeal from decision dismissed, without costs. No appeal lies from a decision. Nolan, P. J., Murphy and Hallinan, JJ., concur; Wenzel and Ughetta, JJ., concur in the dismissal of the appeal from the decision but dissent from the affirmance of the order and judgment and vote to reverse the order and judgment and to remit the motion to the Special Term for further proceedings as hereinafter indicated, with the following memorandum: The Special Term has properly interpreted the partnership agreement as providing for dissolution upon the death of a partner and for the purchase of the deceased partner's interest by, and at the option of, the surviving partner. The agreement is silent, however, as to the time within which such option may be exercised, and a reasonable time is therefore to be implied. In view of the admission that appellant has not appointed an appraiser of the value of the good will after demand by respondent, the admission that respondent has appointed such an appraiser and so informed appellant, and all the other facts and circumstances appearing, respondent, who has conducted the business since the death of appellant's testator, is required to account to appellant for a period ending 20 days after respondent demanded that appellant appoint an appraiser. Such date does not appear in the record. Because of all the foregoing considerations the interlocutory judgment should not have limited the accounting period to the date of death.